UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-429 PA (GJSx) | Date | January 16, 2020 |
|---|---|---|---|
| Title | Manuel Rodriguez, et al. v. Rema Tip Top/North America, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Not Present   Not Present

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Rema Tip Top/North America, Inc. ("Removing Defendant"). Removing Defendant asserts that this Court has jurisdiction over the action brought against it and co-defendants Freylube The Wheel man, Inc. ("Freylube") and Tech International (Johnstown), LLC ("Tech Int'l") by plaintiffs Manuel and Irma Rodriguez (collectively "Plaintiffs") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Removing Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-429 PA (GJSx) | Date | January 16, 2020 |
|---|---|---|---|
| Title | Manuel Rodriguez, et al. v. Rema Tip Top/North America, Inc. | | |

Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Village Assocs., Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction").

In support of its allegations that the Court possesses diversity jurisdiction over this action, Removing Defendant's Notice of Removal alleges:

> 2. Complete Diversity of Citizenship Exists. Plaintiff is a citizen of the State of California. See Complaint at p. 2, ¶ 1.
>
> 3. Plaintiff's Complaint alleges Defendant FREYLUBE THE WHEEL MAN, INC. Is a citizen of New York. See Complaint at p. 2, ¶ 3. Plaintiff's Complaint alleges Defendant TECH INTERNATIONAL (JOHNSTOWN), LLC is a citizen of Ohio. See Complaint at p. 2, ¶ 4.
>
> 4. Defendant REMA TIP TOP/NORTH AMERICA, INC. Is a citizen of New Jersey. Defendant is and at all relevant times has been incorporated in New Jersey organized under the laws of New Jersey. . . . Defendant's principle [sic] place of business is also in New Jersey . . . .

(Notice of Removal ¶¶ 2-4.) Neither the Complaint nor the Notice of Removal adequately alleges the citizenship of defendants Freylube or Tech Int'l. Specifically, the Notice of Removal does not allege the location of Freylube's principal place of business, and instead only cites to the Complaint as evidence of Freylube's citizenship. But the Complaint also does not allege Freylube's principal place of business. Similarly, the Notice of Removal relies solely on the Complaint as the basis for Tech Int'l's citizenship, but the Complaint only alleges that Tech Int'l "is an Ohio domestic limited liability company, which at all material times hereto, was doing business in the County of Los Angeles, State of California." (Compl. At ¶ 4.) Neither the

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-429 PA (GJSx) | Date | January 16, 2020 |
|---|---|---|---|
| Title | Manuel Rodriguez, et al. v. Rema Tip Top/North America, Inc. | | |

Notice of Removal nor the Complaint sufficiently alleges the citizenship of Tech Int'l because, as a limited liability company, Tech Int'l's citizenship is the citizenship of each of its members. See Johnson, 437 F.3d at 899. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). As a result, Removing Defendant's allegations related to the citizenship of its co-defendants are insufficient to invoke this Court's diversity jurisdiction.

    For the foregoing reasons, Removing Defendant has failed to satisfy its burden of showing that diversity jurisdiction exists over this action. Accordingly, this action is hereby remanded to Los Angeles Superior Court, Case No. 19STCV37241, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.